1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| POWERMAT TECHNOLOGIES LTD., | Case No.  2:24-cv-2595-MEMF-PVCx |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| BELKIN INTERNATIONAL, INC., | |
| Defendant. | |

1.     INTRODUCTION

    1.1     PURPOSES AND LIMITATIONS

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2     GOOD CAUSE STATEMENT

       This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information would cause competitive harm to the parties. For example, the

parties believe that competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, costs or profit structure, sales information, product lines, business and marketing strategy or information about design and operation of implicated devices. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: this pending federal lawsuit, *Powermat Technologies Ltd. v. Belkin International, Ltd.*, Case No. 2:24-cv-2595-MEMF-PVC.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5    "RESTRICTED – CONFIDENTIAL SOURCE CODE" Information or Items:  Extremely sensitive "CONFIDENTIAL" Information or Items comprising computer source code and/or live data (that is, data as it exists residing in a database(s)), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.7    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE."

2.8    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and includes support staff. Experts shall not include employees or officers of a Party.

2.10    In-House Counsel:  attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and

4

have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, interpreting, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE." Protected Material also includes (a) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (b) pretrial pleadings, exhibits to pleadings and other court filings; (c) affidavits; and (d) stipulations that are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or  <u>"RESTRICTED – CONFIDENTIAL SOURCE CODE"</u> (hereinafter "Confidentiality Legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality designation to each page that contains Protected Material.

(b)  for testimony given in depositions or at a hearing that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition or hearing all protected testimony or within 14 calendar days

thereafter.  Until expiration of the 14-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For deposition and hearing transcripts, the Confidentiality designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE."

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or  "RESTRICTED – CONFIDENTIAL SOURCE CODE."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5.4    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware

of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. Pending the outcome of the dispute resolution process, the designation of the designating Party shall be maintained.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any

copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified as Protected Material and subject to all of the terms and conditions of this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  up to and including two (2) In-House Counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action provided that each such in-house counsel has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that before access is given, the consultant or expert has completed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) hereto and the same is served upon the Producing Party with a current curriculum vitae of the expert at least seven (7) days before access to the Protected Material is to be given to that expert in order to allow the Producing

Party to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" only to individuals listed in Paragraphs 7.2(a) and (c-h).

7.4    <u>For Protected Material designated "RESTRICTED – CONFIDENTIAL SOURCE CODE," the following additional restrictions apply</u>:

a.    Access to a Party's Source Code Material shall be provided to the Receiving Party's outside counsel and/or experts in a secure room ("Source Code Review Room") and only on "stand-alone" computer(s) (that is, the computer on

which all access ports have been disabled that may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet ("Source Code Computer"). The Source Code Computer may only be connected to a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to Paragraphs 7.4(h and k) below. Further, the Source Code Computer shall be equipped with a reasonably current version of the Microsoft Windows operating system or, if the code was developed in a Linux environment, then a reasonably current version of Ubuntu. The Receiving Party may use appropriate tool software for the type of Source Code on the Source Code Computer, which shall be installed by Producing Party at the Receiving Party's request. Such appropriate software tools shall include without limitation Notepad++, dtSearch, UltraEdit, SciTools Understand, Meld, git, tortoise git, Cygwin, Python, enscript, Microsoft Office, and Adobe Reader as long as such software tools are not capable of executing or compiling source code and are provided by the Receiving Party. As necessary, the Receiving Party shall provide appropriate licenses for the requested software tools. The provided Source Code Computer shall be reasonably powerful, such that it operates the tool software in a reasonable amount of time, *e.g.*, conduct a grep search of the provided code in a reasonable amount of time. The Source Code Computer shall be located in a reasonably comfortable office environment and be equipped with a 19" (diagonal measurement) or larger monitor running at its native resolution, as well as a keyboard and mouse. In addition, the Receiving Party, at its expense, may provide additional equipment including a monitor, keyboard, mouse, an additional computer which shall have a reasonably current version of the Microsoft Windows operating system and shall be equipped with at least 16 GB of RAM, and solid state drive(s) with free space equal to at least the greater of 100 GB, and after reasonable inspection by the Producing Party, the Receiving Party shall have the ability to use this equipment to conduct source code review using this

additional equipment with the same capabilities as with the equipment provided by the Producing Party. Additionally, except as provided in paragraph 7.4(k) below, the stand-alone computer(s) may only be located at the U.S. offices of the Producing Party's outside counsel. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room;

b.    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. and further provide reasonable notice of the requested time/dates for inspecting the source code. However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's reasonable requests for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.    The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material;

d.    The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above;

e.    Access to Protected Material designated RESTRICTED – CONFIDENTIAL SOURCE CODE shall be limited to outside counsel, persons reasonably necessary under 7.2(g), and up to four (4) experts[1] (*i.e.*, not existing

---

[1] For the purposes of this paragraph, an expert is defined to include the expert's direct reports and other support personnel, such that the disclosure to an expert who employs others within his or her

employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 7.2(d) above. All persons who will review a Producing Party's Source Code Material on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least seven (7) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a passport or photo identification card sanctioned by the government of any State of the United States or by the government of the United States. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

      f.    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED – CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED – CONFIDENTIAL SOURCE CODE;

---

firm to help in his or her analysis shall count as a disclosure to a single expert.

g.    Except as set forth in paragraph 7.4(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

h.    The Receiving Party's outside counsel and/or experts shall be entitled to take notes in the Source Code Review Room but may not copy the Source Code verbatim into such notes (except for small excerpts such as variable names and method names and parameters as long as such small excerpts do not include four or more consecutive lines of source code) and may not take such notes electronically on the Source Code Computer itself;

i.    The Receiving Party shall be permitted to request a reasonable number of printouts and photocopies of Source Code Material. Printed portions of a continuous block of Source Code shall not exceed ten (10) pages unless otherwise agreed by the parties, whose reasonable request for agreement shall not be denied. Likewise, no more than 500 total pages of Source Code may be requested to be printed by the Receiving Party.  Upon receiving a printing request, the Producing Party shall print and Bates and line number, copy, and clearly label as "RESTRICTED – CONFIDENTIAL SOURCE CODE" any pages printed. Within six (6) days, the Producing Party shall (i) provide one copy set of such unobjected pages to the Receiving Party or (ii) inform the requesting Party of its objection(s), if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to file a Motion for Further Protection with the Court within five (5) days of the objection to resolve whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. Failure to file within this period requires immediate production of the disputed material. The burden shall be on the Producing Party to

demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose and printed primarily for the purposes of review and analysis elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The printed pages shall constitute part of the Source Code produced by the Producing Party in each action, all of which shall be designated and clearly labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied;

j.      The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 7.4(i) not including copies attached to court filings or used at depositions;

k.      If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. At least forty-eight (48) hours before the date of deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party, with the understanding that for deposition outside of the United States the Parties will work in good faith to provide sufficient notice such that the Source Code Material can transported or made available at the location of the deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel

for secure destruction in a timely manner following the deposition or proceeding.
The Receiving Party may also temporarily keep the printouts or photocopies at the
Court for any proceedings(s) relating to the Source Code Material, for the dates
associated with the proceeding(s); and (ii) one attorney working copy at the sites
where any deposition(s) relating to the Source Code Material are taken, for the dates
associated with the deposition(s) and any intermediate location reasonably necessary
to transport the working copy (e.g., a hotel prior to a Court proceeding or
deposition); and,

l.      A Producing Party's Source Code Material may only be transported by
the Receiving Party at the direction of a person authorized under paragraph 12(e)
above to another person authorized under paragraph 12(e) above, on paper via hand
carry, Federal Express or other similarly reliable courier. Source Code Material may
not be transported or transmitted electronically over a network of any kind,
including a LAN, an intranet, or the Internet. Except as provided in this sub-
paragraph, absent express written permission from the Producing Party, the
Receiving Party may not create electronic images, or any other images, or make
electronic copies, of the Source Code from any paper copy of Source Code for use
in any manner (including by way of example only, the Receiving Party may not scan
the Source Code to a PDF or photograph the code). Images or copies of Source
Code shall not be included in correspondence between the Parties (references to
production numbers shall be used instead), and shall be omitted from pleadings and
other papers whenever possible. If a Party reasonably believes that it needs to
submit a portion of Source Code as part of a filing with the Court, the Party shall
make such a filing while protecting the confidentiality of the Source Code. If such
filing requires a certificate of conference pursuant to Local Rule 7(i), the filing Party
shall disclose to the Producing Party during the conference the amount of the Source
Code to be included with the filing. Following any filing, the filing Party shall

disclose to the Producing Party the entirety of any Source Code that was imaged within two days subsequent to the filing. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Additionally, any such electronic copies must be labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE" as provided for in this Order.

7.5     Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (a) eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (b) identified in the Protected Material as an author, addressee, or copy recipient of such information, (c) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (d) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (e) counsel for a Party, including Outside Counsel and In-House counsel (subject to paragraphs 7.3 and 7.4 of this Order); (f) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (g) court reporters and videographers; (h) the Court; or (i) other persons entitled hereunder to access to Protected Material. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and

videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or  "RESTRICTED – CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

       (a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

       (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

             (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

             (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

             (3)  make the information requested available for inspection by the Non-Party, if requested.

       (c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

a.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

b.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

1    under seal is denied by the court, then the Receiving Party may file the information

2    in the public record unless otherwise instructed by the court.

3        12.4    Production of Protected Material by each of the Parties shall not be

4    deemed a publication of the documents, information and material (or the contents

5    thereof) produced so as to void or make voidable whatever claim the Parties may

6    have as to the proprietary and confidential nature of the documents, information or

7    other material or its contents.

8        12.5    Prosecution Bar. Absent the written consent of Defendant, any attorney

9    representing Plaintiff, whether in-house or outside counsel, and any person

10   associated with Plaintiff and permitted to receive Defendant's or its suppliers'

11   Protected Material that is designated <u>HIGHLY CONFIDENTIAL – ATTORNEYS'</u>

12   <u>EYES ONLY</u> and/or RESTRICTED – CONFIDENTIAL SOURCE CODE

13   (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has

14   access to, or otherwise learns, in whole or in part, Defendant's or its suppliers'

15   HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute,

16   supervise, or assist in the preparation or prosecution of any patent application

17   pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or

18   its acquirer, successor, predecessor, or other affiliate during the pendency of this

19   Action and for one year after its conclusion, including any appeals. To ensure

20   compliance with the purpose of this provision, an "Ethical Wall" shall be created

21   between those persons with access to HIGHLY SENSITIVE MATERIAL and any

22   individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or

23   other affiliate, prepare, prosecute, supervise or assist in the preparation or

24   prosecution of any patent application pertaining to the field of invention of the

25   patents-in-suit. Any attorney representing Plaintiff, whether in-house or outside

26   counsel, and any person associated with Plaintiff and permitted to receive

27   Defendant's or its suppliers' HIGHLY SENSITIVE MATERIAL, who obtains,

28

1   receives, has access to, or otherwise learns, in whole or in part, Defendant's or its

2   suppliers' HIGHLY SENSITIVE MATERIAL under this Order, also may not

3   participate, supervise or assist in any and all proceedings before the U.S. Patent and

4   Trademark Office related to the Party's patents-in-suit, including without limitation

5   *Inter Partes* Review (IPR) proceedings, if the proceedings involve any amendments

6   to claims.

7   13.   <u>FINAL DISPOSITION</u>

8          After the final disposition of this Action, as defined in paragraph 4, within 60

9   days of a written request by the Designating Party, each Receiving Party must return

10  all Protected Material to the Producing Party or destroy such material.  As used in

11  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12  summaries, and any other format reproducing or capturing any of the Protected

13  Material.  Whether the Protected Material is returned or destroyed, the Receiving

14  Party must submit a written certification to the Producing Party (and, if not the same

15  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

16  (by category, where appropriate) all the Protected Material that was returned or

17  destroyed and (2) affirms that the Receiving Party has not retained any copies,

18  abstracts, compilations, summaries or any other format reproducing or capturing any

19  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

21  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

22  reports, attorney work product, and consultant and expert work product, even if such

23  materials contain Protected Material.  Any such archival copies that contain or

24  constitute Protected Material remain subject to this Protective Order as set forth in

25  Section 4 (DURATION).

26

27

28

14.    Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.


DATED: August 15, 2024                        _____

HON. PEDRO V. CASTILLO
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____